1  JESSICA M. TAKANO, #184079
   jtakano@donahue.com
2  DIEA D. SCHUM, #332950
   dschum@donahue.com
3  DONAHUE FITZGERALD LLP
   Attorneys at Law
4  1999 Harrison Street, 26th Floor
   Oakland, California 94612
5  Telephone:    (510) 451-3300
   Facsimile:    (510) 451-1527
6
   Attorneys for the Schwartz Foundation,
7  Margot Schwartz, and Noah Schwartz

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

| | |
|---|---|
| 12  SCHWARTZ FOUNDATION, a California corporation; MARGOT SCHWARTZ, an individual; and NOAH SCHWARTZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD C. SCHWARTZ, an individual; PAUL D. SCHWARTZ, an individual; CHARLES P. SCHWARTZ, III, an individual; DAVID RICHARD SCHWARTZ, an individual; STEVON S. SCHWARTZ, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-04181-PCP<br><br>Removed from Superior Court of California, County of Santa Cruz, Case No. 21CV00416<br><br>**NOTICE OF MOTION AND MOTION TO REMAND SANTA CRUZ COUNTY SUPERIOR COURT CASE NO. 21CV00416**<br><br>Date:<br>Time:<br>Ctrm:    8<br>Judge:   Hon. P. Casey Pitts |

**NOTICE**

Pursuant Civil Local Rules 7-2 and 7-4, Plaintiffs the Schwartz Foundation, Margot Schwartz, and Noah Schwartz (together, "**Plaintiffs**") give notice of this Motion to Remand pursuant to 28 U.S.C. § 1447. This motion will be heard on _____, 2024 at ____:00 ___.m. in Courtroom 8, located at 280 South First Street, San Jose, California.

This motion asks the Court to follow this Court's prior ruling in Case No. 3:23-cv-06086-JSC and to remand *Schwartz Foundation et al. v. Schwartz et al.*, Santa Cruz County Superior Court Case No. 21-cv-00416 (the "**State Court Action**"). This motion is based on this notice, the following memorandum of points and authorities, and the Declaration of Jessica M. Takano ("**Takano Decl.**") filed herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ISSUES TO BE DECIDED**

The issues presented in this motion are: (1) whether the removal was procedurally proper, (2) whether there is a basis for federal jurisdiction, and (3) whether Plaintiffs should be awarded their attorneys' fees incurred as a result of the improper removal, including their fees for bringing the present motion to remand.

**STATEMENT OF FACTS**

The notice of removal is just the latest attempt of the Law Offices of Donald C. Schwartz and its clients, including Defendant Donald C. Schwartz himself (together, the "**Removing Parties**"), to delay trial and other proceedings in the State Court Action.[1]

The Schwartz Foundation is a non-profit charitable foundation that was founded in 1979 by Robert A.D. Schwartz, the father of Margot Schwartz, Noah Schwartz, and some of the defendants in the State Court Action, including Donald C. Schwartz. (Takano Decl. ¶ 3.) On February 22, 2021, Plaintiffs filed the State Court Action, which seeks a judicial declaration under California Corporations Code Section 5617 that there are only two directors of the Foundation – Margot

---

[1] The on-line records of the State Bar of California reflect that Donald C. Schwartz is the only attorney affiliated with the Law Offices of Donald C. Schwartz.

Schwartz and Noah Schwartz.[2] (*Id.* ¶ 4.) Pursuant to a state court order issued on March 24, 2021, Margot Schwartz and Noah Schwartz have authority over the Schwartz Foundation's affairs, including its financial, legal, and operational affairs, pending the final outcome of the State Court Action.[3] (*Id.* ¶ 5.)

On September 22, 2021, Defendants Donald C. Schwartz and Michael Osterberg filed a cross-complaint in the State Court Action seeking, *inter alia*, a judicial declaration that Donald C. Schwartz and Michael Osterberg are the sole directors of the Schwartz Foundation, and that Donald C. Schwartz and Michael Osterberg appointed themselves, Willie L. Brown, Jr., and Paul D. Schwartz as directors through a unanimous written consent. (*Id.* ¶ 6.)

The defendants and cross-complainants in the State Court Action, all represented by the Law Offices of Donald C. Schwartz, have repeatedly delayed the resolution of the case by engaging in frivolous and abusive litigation tactics, including, but not limited to, the following:

- Michael Osterberg declared bankruptcy on the eve of trial in February 2022, which resulted in the trial date being vacated. (*Id.* ¶ 7.a.) The Osterberg bankruptcy was almost immediately dismissed for his failure to comply with bankruptcy court rules and filing requirements. (*Id.*) (*See* United States Bankruptcy Court, Eastern District of California, Case No. 22-20304-B-13G.)

- Donald C. Schwartz declared bankruptcy on the eve of trial in April 2023, which again resulted in the trial date being vacated. (*Id.* ¶ 7.b.) Donald's bankruptcy action was ultimately dismissed on the motion of the Trustee because he was ineligible to be a chapter 13 debtor. (*Id.*) (*See* United States Bankruptcy Court, Northern District of California, Case No. 23-50372 MEH.)

- The defendants filed a notice of removal of this case and related Case No. 21CV00032 to federal court on November 22, 2023, almost three years after the cases were

---

[2] The State Court Action was originally filed under California Corporations Code Section 709, but the Complaint was later amended to be based on the analogous statute that applies to non-profit corporations, Corporations Code Section 5617. (Takano Decl. ¶ 4.)

[3] The March 24, 2021 Order was issued in a related case pending in Santa Cruz County Superior Court, *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21CV00023. (Takano Decl. ¶ 5, Exh. A.) That related case is stayed pending the resolution of the State Court Action. (*Id.*)

originally filed in state court. (*Id.* ¶ 7.c.) This resulted in the postponement of a November 28, 2023 hearing on three discovery motions filed by Plaintiffs, which the defendants had failed to oppose. (*Id.*) The federal court remanded the state court cases *sua sponte* on December 20, 2023, finding that the "purported removal of two separate state court actions into this federal action is procedurally improper for a whole host of reasons" and that "there is no federal subject-matter jurisdiction over those actions." (*Id.* ¶ 7.c., Exh. B.) (*See* United States District Court, Northern District of California, Case No. 3:23-cv-06086-JSC.)

- Donald C. Schwartz again declared bankruptcy on April 11, 2024, shortly after defendants failed to comply with a court-ordered deadline of March 29, 2024 to provide responses to Plaintiffs' discovery. (*Id.* ¶ 7.d.) This bankruptcy filing delayed Plaintiffs' filing of a motion for terminating sanctions and a motion for deemed admissions against defendants. (*Id.*) Donald voluntarily dismissed his bankruptcy action on May 22, 2024. (*Id.*) (*See* United States Bankruptcy Court, Northern District of California, Case No. 24-40512 CN 13.)

- On July 11, 2024, two court days before a scheduled July 15, 2024 hearing on Plaintiffs' motion for terminating sanctions and motion for deemed admissions (which defendants had failed to oppose), the Law Offices of Donald C. Schwartz filed a <u>second</u> notice of removal of the State Court Action to federal court. (*Id.* ¶ 7.e.) This improper removal – which was directly contrary to this court's prior order in Case No. 3:23-cv-06086-JSC – resulted in the postponement of the July 15, 2024 state court hearing to July 29, 2024. (*Id.*) As of the filing of this motion, trial in the State Court Action remains set for September 9, 2024, but Plaintiffs are in danger of losing yet another trial date if this case is not remanded immediately. (*Id.*)

The foregoing behavior is not unusual for the Law Offices of Donald C. Schwartz and Donald C. Schwartz. Their *modus operandi* is to take advantage of bankruptcy stays and delays caused by meritless removals to federal court to delay cases. *See, e.g.*, *Castaneda v. Kramer* (2018) 2018 WL 6446708, at *1-2 (remanding case removed by Law Offices of Donald C. Schwartz for second time "just as the state court trial was about to begin" after "the trial had been postponed because the [prior] notice of removal . . . was filed the day before the trial had previously been scheduled to take place"); *JPMorgan Bank, N.A. v. Renfro* (2016) 2016 WL 146116, at *1

(remanding case removed by *pro per* defendant using the address of Donald C. Schwartz after co-defendant represented by Donald C. Schwartz already unsuccessfully removed case twice); *Wasney v. Schwartz* (2012) 2012 WL 899331, at *1-2 (remanding case that Donald C. Schwartz removed for a second time to avoid hearing on opposing counsel's motion to deem requests admitted and for sanctions, after prior remand under similar circumstances and after prior attempt to stay case by filing for bankruptcy failed); *Hopkins v. Am. Home Mortgage Servicing, Inc.* (2013) 2013 WL 1800049, at *1-2 (remanding case removed by Law Offices of Donald C. Schwartz after state court issued tentative ruling sustaining demurrer but before tentative ruling became final order and finding no statutory basis for removal); *Hopkins v. Am. Home Mortgage Servicing, Inc.* (2014) 2014 WL 580769, at *1 (client of Law Offices of Donald C. Schwartz seeks stay after an opposing party filed for bankruptcy to avoid responding to motion to dismiss by separate opposing party).

Given the foregoing conduct, it is clear that the second purported removal of the State Court Action has no purpose other than to delay a decision on Plaintiffs' pending motion for terminating sanctions and motion for deemed admissions, and to attempt to delay trial once again. The State Court Action should be remanded immediately, and the Removing Parties should be ordered to pay Plaintiffs' attorneys' fees incurred as a result of the improper removal.

## ARGUMENT

### I.  Removal Is Procedurally Improper

First, a party cannot remove a case from state court into an existing federal court case. *See* N.D. Cal. Civ. L.R. 3-2(a), 3-3(a), 16-2(b), 3-12.

Second, the removal is untimely. Generally, a defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). The Removing Parties appeared in the State Court Action in 2021, making the removal facially untimely. *Id.* § 1446(b)(1).

### II.  Defendants Cannot Establish Federal Jurisdiction

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Washington v. Chimei Innolux Corp.* (9th Cir. 2011) 659 F.3d 842, 847; *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020). As courts of limited jurisdiction, federal district

courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Kokkonen v. Guardian Life Ins. Co. of Am.* (1994) 511 U.S. 375, 377.

Because there are California residents on both sides of the State Court Action, including plaintiff Noah Schwartz and defendant Donald C. Schwartz, the Removing Parties have not attempted to invoke diversity jurisdiction and should not be heard to do so in opposition to this motion.

In addition, as this Court has already determined in Case No. 3:23-cv-06086-JSC, there is no "federal question" presented by the State Court Action. 28 U.S.C. § 1331; *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). In the State Court Action, Plaintiffs seek relief under state law, California Corporations Code § 5617. Even the cross-complaint raises no federal question, as this Court has already ruled. The Court found that the allegation of "criminal activity of defendant Margot Schwartz over multiple states" did not establish federal question jurisdiction or support removal. Federal question jurisdiction is not established by a defendant's anticipated federal defense to a state law cause of action. *Sullivan v. First Affiliated Sec., Inc.* (9th Cir. 1987) 813 F.2d 1368, 1371. "While such assertions may suggest a federal question could be raised during litigation, they do not establish the plaintiff's original cause of action arises under the Constitution." (Takano Decl. Ex. B; *In re Border Infrastructure Env't Litig.* (9th Cir. 2019) 915 F.3d 1213, 1222.) Accordingly, the State Court Action should be remanded.

## III.  Fees

The Court should exercise its discretion to award attorneys' fees to Plaintiffs the Schwartz Foundation, Margot Schwartz, and Noah Schwartz, because the Removing Parties had no "objectively reasonable basis for seeking removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 141. When a party is "already aware from prior remand orders that no federal question jurisdiction existed and that his bases for removal were not proper," fees are appropriate. *See Wells Fargo Bank Nat. Ass'n v. Vann* (N.D. Cal. May 2, 2013) No. 13-CV-01148-YGR, 2013 WL 1856711, at *4; *Fed. Home Loan Mortgage Corp. v. Pulido* (N.D. Cal. Oct. 20, 2012) 2012 WL 5199441, *2 ("[A]bsent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously

remanded it risks being sanctioned."); *Castaneda v. Kramer* (2018) 2018 WL 6446708, at *2 (awarding fees after party removed case for second time after case was remanded due to lack of jurisdiction).

## CONCLUSION

For the foregoing reasons, Plaintiffs the Schwartz Foundation, Margot Schwartz, and Noah Schwartz respectfully request that this Court remand the State Court Action and order the Removing Parties to pay Plaintiffs' attorneys' fees resulting from the improper removal. As set forth in the accompanying Declaration of Jessica M. Takano, Plaintiffs' fees resulting from the improper removal total at least $8,075 as of the filing of this motion and will increase if Plaintiffs file a reply brief and/or attend a hearing on this motion. (Takano Decl. ¶ 9.) Plaintiffs respectfully request that Removing Parties be ordered to pay Plaintiffs' fees in that amount.

Dated: July 19, 2024

DONAHUE FITZGERALD LLP
Attorneys at Law

By: *[signature]*
Jessica M. Takano
Diea D. Schum
Attorneys for Schwartz Foundation, Margot Schwartz, and Noah Schwartz