JESSICA M. TAKANO, #184079
jtakano@donahue.com
DIEA D. SCHUM, #332950
dschum@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612
Telephone:     (510) 451-3300
Facsimile:     (510) 451-1527

Attorneys for the Schwartz Foundation,
Margot Schwartz, and Noah Schwartz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCHWARTZ FOUNDATION, a California corporation; MARGOT SCHWARTZ, an individual; and NOAH SCHWARTZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD C. SCHWARTZ, an individual; PAUL D. SCHWARTZ, an individual; CHARLES P. SCHWARTZ, III, an individual; DAVID RICHARD SCHWARTZ, an individual; STEVON S. SCHWARTZ, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-04181-PCP<br><br>Removed from Superior Court of California, County of Santa Cruz, Case No. 21CV00416<br><br>**MOTION TO SHORTEN TIME FOR HEARING ON AND RESPONSE TO MOTION TO REMAND SANTA CRUZ COUNTY SUPERIOR COURT CASE NO. 21CV00416** |

Pursuant Civil Local Rule 6-3, the Schwartz Foundation, Margot Schwartz, and Noah Schwartz (collectively, **"Plaintiffs"**) move and respectfully request that the Court shorten the time to respond and reschedule the hearing on the concurrently-filed Motion to Remand Santa Cruz County Superior Court Case No. 21CV00416 for the earliest possible hearing date. Specifically, Plaintiffs request that the Motion to Remand be decided by July 26, 2024, so that pending motions for terminating sanctions and for deemed admissions may be heard in state court as scheduled on July 29, 2024, and so that the current state court trial date of September 9, 2024 may be preserved.

## I. Local Rule 6-3

A motion to shorten time must be accompanied by a proposed order and a declaration that states the reason for the request, identifies the substantial harm or prejudice that would occur if time is not shortened, describes compliance with the Local Rules, contains a summary of the underlying motion and the parties' positions, and explains the effect of the motion to shorten time.

This motion is accompanied by a proposed order and by the Declaration of Jessica M. Takano (**"Takano Decl."**).

## II. There Is Good Cause to Shorten Time.

The <u>second</u> purported removal of *Schwartz Foundation, et al. v. Schwartz, et al.*, Santa Cruz County Superior Court Case No. 21-cv-00416 (the "**State Court Action**"), is just the latest in a long string of abusive litigation tactics by attorney Donald C. Schwartz ("Donald"), which have been undertaken for the sole purpose of delaying the final resolution of the case. (Takano Decl. ¶ 3.) It is urgent that the State Court Action be remanded immediately, to avoid further prejudice to Plaintiffs from Donald's frivolous and bad-faith conduct. (*Id.*) In particular:

- Plaintiffs have pending motions for terminating sanctions and for deemed admissions, which were originally set for hearing on July 15, 2024, two court days after Donald filed his latest Notice of Removal. (Takano Decl. ¶ 4.) The state court agreed to reset this hearing for July 29, 2024, in an effort to keep the State Court Action on track, but this hearing will have to be postponed again if the case is not remanded to state court before that date. (*Id.*)

- Trial of the State Court Action is currently scheduled for September 9, 2024. (Takano Decl. ¶ 5.) Notably, the State Court Action was originally set for trial <u>over three years ago</u>, but Donald C. Schwartz and the parties he represents have repeatedly delayed trial by engaging in frivolous and abusive tactics, including: (1) declaring bankruptcy <u>three times</u> to get trial dates vacated or avoid other consequences of their actions; and (2) baselessly removing the State Court Action to federal court (now <u>twice</u>). (*Id.*)

By removing the State Court Action to this Court, the defendants represented by the Law Offices of Donald C. Schwartz, including Donald C. Schwartz himself, wanted to create enough of a delay that when the case is remanded the trial date will have passed or will not be viable. (Takano

Decl. ¶ 6.) Plaintiffs' Motion to Remand should be decided on shortened time, as defendants' egregious conduct – which is in blatant disregard of the law and a previous order of this Court remanding the State Court Action – will otherwise be rewarded.

There is no good faith basis for removal of the State Court Action. (Takano Decl. ¶ 7.) This Court has already ruled on the exact issue on December 20, 2023 in *Schwartz Foundation, et al. v. Schwartz*, Case No. 3:23-cv-06086-JSC and issued an order remanding the case *sua sponte*. (*Id*.) Accordingly, it is clear that this case must be remanded to state court, and there can be no possible prejudice to defendants from having Plaintiffs' Motion to Remand decided on an expedited basis, preferably by July 26, 2024. (*Id*.)

For the foregoing reasons, Plaintiffs the Schwartz Foundation, Margot Schwartz, and Noah Schwartz respectfully request that this Court shorten time to respond to the Motion to Remand and hold any hearing on the motion on the earliest possible date. Alternatively, Plaintiffs request that this Court issue an immediate order remanding the State Court Action *sua sponte*, without any further briefing or hearing, as was done in Case No. 3:23-cv-06086-JSC.

Dated: July 19, 2024

DONAHUE FITZGERALD LLP
Attorneys at Law

By: _____
Jessica M. Takano
Diea D. Schum
Attorneys for the Schwartz Foundation, Margot Schwartz, and Noah Schwartz