JESSICA M. TAKANO, #184079
jtakano@donahue.com
DIEA D. SCHUM, #332950
dschum@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for the Schwartz Foundation,
Margot Schwartz, and Noah Schwartz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCHWARTZ FOUNDATION, a California corporation; MARGOT SCHWARTZ, an individual; and NOAH SCHWARTZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD C. SCHWARTZ, an individual; PAUL D. SCHWARTZ, an individual; CHARLES P. SCHWARTZ, III, an individual; DAVID RICHARD SCHWARTZ, an individual; STEVON S. SCHWARTZ, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-04181-PCP<br><br>Removed from Superior Court of California, County of Santa Cruz, Case No. 21CV00416<br><br>**DECLARATION OF JESSICA M. TAKANO IN SUPPORT OF MOTION TO SHORTEN TIME FOR HEARING ON AND RESPONSE TO MOTION TO REMAND SANTA CRUZ COUNTY SUPERIOR COURT CASE NO. 21CV00416** |

I, Jessica M. Takano, declare as follows:

1. I am an attorney at law duly admitted to practice before all the courts of the State of California and am a Partner with Donahue Fitzgerald LLP, counsel of record herein for the Schwartz Foundation, Margot Schwartz, and Noah Schwartz (collectively, **"Plaintiffs"**). I have personal knowledge of the facts set forth herein, except as otherwise stated. If called as a witness, I could and would competently testify to the matters stated herein.

2. I make this declaration in support of Plaintiffs' Motion to Shorten Time for Hearing on and Response to Motion to Remand Santa Cruz County Superior Court Case No. 21CV00416.

**Reasons for Shortening Time**

3. The <u>second</u> purported removal of *Schwartz Foundation, et al. v. Schwartz, et al.*, Santa Cruz County Superior Court Case No. 21-cv-00416 (the "**State Court Action**"), is just the latest in a long string of abusive litigation tactics by attorney Donald C. Schwartz ("Donald"), which have been undertaken for the sole purpose of delaying the final resolution of the case. It is urgent that the State Court Action be remanded immediately, to avoid further prejudice to Plaintiffs from Donald's frivolous and bad-faith conduct.

4. Plaintiffs have pending motions for terminating sanctions and for deemed admissions, which were originally set for hearing on July 15, 2024, two court days after Donald filed his latest Notice of Removal. The state court agreed to reset this hearing for July 29, 2024, in an effort to keep the State Court Action on track, but this hearing will have to be postponed again if the case is not remanded to state court before that date.

5. Trial of the State Court Action is currently scheduled for September 9, 2024. Notably, the State Court Action was originally set for trial <u>over three years ago</u>, but Donald C. Schwartz and the parties he represents have repeatedly delayed trial by engaging in frivolous and abusive tactics, including: (1) declaring bankruptcy <u>three times</u> to get trial dates vacated or avoid other consequences of their actions; and (2) baselessly removing the State Court Action to federal court (now <u>twice</u>).

6. By removing the State Court Action to this Court, the defendants represented by the Law Offices of Donald C. Schwartz, including Donald C. Schwartz himself, wanted to create enough of a delay that when the case is remanded the trial date will have passed or will not be viable.

7. There is no good faith basis for removal of the State Court Action. This Court has already ruled on the exact issue on December 20, 2023 in *Schwartz Foundation, et al. v. Schwartz*, Case No. 3:23-cv-06086-JSC and issued an order remanding the case *sua sponte*. Accordingly, it is clear that this case must be remanded to state court, and there can be no possible prejudice to

defendants from having Plaintiffs' Motion to Remand decided on an expedited basis, preferably by July 26, 2024.

**Substantial Harm or Prejudice**

8. The Schwartz Foundation, Margot Schwartz, and Noah Schwartz face substantial harm and prejudice if this motion is not granted. To have their pending motions heard in a timely fashion and to enable the State Court Action to stay on track for trial on September 9, 2024, the case needs to be remanded as soon as possible.

9. The opposing parties will not be prejudiced by a shortened time for any response, because the exact same issues have already been decided by this Court.

**Underlying Dispute**

10. The State Court Action is to determine who the directors of the Schwartz Foundation are. The Schwartz Foundation, Margot Schwartz, and Noah Schwartz take the position that Margot Schwartz and Noah Schwartz are the sole directors. Donald C. Schwartz and Michael Osterberg take the position that they are the directors and that they appointed two more directors, Willie L. Brown, Jr., and Paul D. Schwartz, through a unanimous written consent. Pursuant to a state court order issued on March 24, 2021, Margot Schwartz and Noah Schwartz have authority over the Schwartz Foundation's affairs, including its financial, legal, and operational affairs, pending the final outcome of the State Court Action.

11. The parties represented by the Law Office of Donald C. Schwartz previously removed the State Court Action into a different federal action they filed in November 2023, *Schwartz Foundation* et al *v. Schwartz*, Case No. 3:23-cv-06086-JSC (**"Schwartz I"**). In Schwartz I, this Court already ruled that removal of the State Court Action was improper, issuing an order remanding the case *sua sponte* on December 20, 2023.

12. The parties represented by the Law Office of Donald C. Schwartz have created delays and caused Plaintiffs to lose multiple trial dates over the past three years by filing for bankruptcy twice and by removing the action (now twice). In fact, for at least the last decade, it has been a common practice for the Law Office of Donald C. Schwartz to use federal removal and bankruptcies to delay cases.

**Stipulation Efforts & Civil Local Rule 37-1(a)**

13. Because the opposing parties are not acting in good faith and are trying to delay the State Court Action, it would be futile and prejudicial to Plaintiffs to try to obtain a stipulation to the time change or to try to resolve the issue presented without motion practice.

**Prior Time Modifications**

14. None.

**Effect of Shortening Time on Schedule for the Case**

15. There will be no effect on the broader case schedule.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of July, 2024, at El Cerrito, California.

_____
Jessica M. Takano