UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHWARTZ FOUNDATION, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MARGOT D SCHWARTZ,<br><br>    Defendant. | Case No. 24-cv-04181-JSC<br><br>**ORDER REMANDING CASES TO STATE COURT AND ORDER TO SHOW CAUSE** |

Attorney Donald Charles Schwartz, on behalf of himself and the other Plaintiffs, filed his first RICO action against two of his siblings on November 22, 2023. (23-cv-06086, Dkt. No. 1.)[1] He simultaneously purported to remove into that RICO action two state court cases originally filed in Santa Cruz County Superior Court: *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032 (filed January 7, 2021), and *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416 (filed February 22, 2021). (*Id.* at Dkt. No. 2.) Because the removal was improper, the Court remanded both state court actions. (*Id.* at Dkt. No. 17.) On May 15, 2024, the Court dismissed Donald Schwartz's first RICO action for failure to serve. (*Id.* at Dkt. No. 31.)

Donald Schwartz filed his second RICO action against the same two siblings on July 11, 2024. (24-cv-4181, Dkt. No. 1.) Donald Schwartz again purported to remove into his second RICO action the same two state court cases he sought to remove into his first RICO action. (*Id.* at Dkt. No. 4.) Plaintiff's second attempted removal is improper for the same reasons as the first. Accordingly, the Court REMANDS both state court actions to Santa Cruz County Superior Court and ORDERS Donald Schwartz to show cause as to why a vexatious litigant order should not be

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

entered against him.

## DISCUSSION

### I. Remand

Any civil action brought in state court over which the Court has original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020). Federal courts have an independent duty to ascertain jurisdiction and may remand a case *sua sponte* for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In its first *sua sponte* remand order, the Court identified five defects in Donald Schwartz's first purported removal. (23-cv-06086, Dkt. No. 17.) The same five defects exist in Donald Schwartz's second purported removal. (24-cv-4181, Dkt. No. 4.) The Court repeats the five reasons warranting *sua sponte* remand for Donald Schwartz's benefit:

***First***, only defendants can remove actions. 28 U.S.C. § 1441(a); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). So, Donald Charles Schwartz, the plaintiff in *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, may not remove that action to federal court. (23-cv-06086, Dkt. No. 14 at 59-60.) Only the defendant Schwartz Foundation, represented by Jessica Takano and Diea Schum, may attempt to remove that action to federal court.

***Second***, Plaintiffs cannot remove cases from state court into an existing federal court case. They must separately file a notice of removal initiating a civil action, together with a completed civil cover sheet. N.D. Cal. Civ. L.R. 3-2(a). Once properly initiated, the removed action is assigned to a judge and an initial case management conference is scheduled. *Id.* 3-3(a); 16-2(b).

If a party believes the removed case is related to another case pending in the District, the party can file a notice of related case. *Id.* 3-12. The judge assigned the lower-numbered case decides if the cases are related and should be assigned to the same judge. *Id.*

***Third***, Plaintiffs cannot unilaterally consolidate two state court cases. *See* 2023 California Rules of Court Rule 3.350. Consolidation of Cases. Donald Schwartz's second removal notice alleges "[t]he parties have two consolidated state court cases pending," (24-cv-4181, Dkt. No. 4 at 2), but Plaintiffs' response to Judge Cousins's order to show cause reveals "the cases were not officially consolidated by the Santa Cruz County Superior Court." (23-cv-06086, Dkt. No. 12 at 2.) Because these cases are not consolidated, Plaintiffs can only remove each case separately in compliance with the removal requirements. *See* 28 U.S.C. §§ 1441, 1446.

***Fourth***, Donald Schwartz's second asserted removal is untimely. Generally, a defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). In both state cases Donald Schwartz seeks to remove, the defendants appeared in 2021. So, Donald Schwartz's removal is facially untimely. *Id.* § 1446(b)(1).

***Fifth***, federal jurisdiction does not exist over either case Donald Schwartz seeks to remove. Plaintiffs assert removal is proper based on federal question jurisdiction. (24-cv-4181, Dkt. No. 4 at 3.) A district court has original jurisdiction over cases when a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). Neither of the cases Donald Schwartz seeks to remove alleges a federal claim on its face. *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, requests appointment of board members. (23-cv-06086, Dkt. No. 12-1 at 131-38.) *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416, requests relief under California Corporations Code § 709, including declaratory and injunctive relief. (*Id.* at Dkt. No. 12-1 at 57-69.) These are not federal claims. So, under the well-pleaded complaint rule, the initial pleadings in both cases fail to establish federal question

3

1 jurisdiction.

2  Donald Schwartz's alleged "criminal activity of defendant Margot Schwartz over multiple
3 states" does not establish federal question jurisdiction or support removal. (*Id*. at Dkt. No. 12 at
4 4.) Federal question jurisdiction is not established by a defendant's anticipated federal defense to
5 a state law cause of action. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir.
6 1987) (federal "jurisdiction is lacking even if a defense is alleged to be based exclusively on
7 federal law"). While such assertions may suggest a federal question could be raised during
8 litigation, they do not establish the plaintiff's original cause of action arises under the
9 Constitution. *In re Border Infrastructure Env't Litig.*, 915 F.3d 1213, 1222 (9th Cir. 2019). So, as
10 there is no federal jurisdiction over either case Donald Schwartz has twice sought to remove, the
11 cases must be remanded to Santa Cruz County Superior Court.

12 **II.  Vexatious Litigant**

13  Federal courts have the inherent power to file "restrictive pre-filing orders" enjoining
14 vexatious litigants "with abusive and lengthy histories of litigation" from filing further actions or
15 papers. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Such pre-filing
16 orders should rarely be filed," especially against litigants unrepresented by counsel. *De Long v.*
17 *Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). But, "district courts 'bear an affirmative
18 obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by
19 litigants to misuse the courts.'" *Bridgewater v. Hayes Valley Ltd. P'ship*, No. 10-03022 CW, 2011
20 WL 635268 at *4 (N.D. Cal. Feb. 11, 2012) (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th
21 Cir. 1990)). And, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables
22 one person to preempt the use of judicial time that properly could be used to consider the
23 meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

24  In *De Long*, the Ninth Circuit articulated a four-prong framework for district courts to
25 apply before entering vexatious litigant orders. *Id*. at 1146-1149. First, the affected party must be
26 provided with "adequate notice" and "an opportunity to oppose the entry of the order." *Id*. at
27 1147. Second, the district court must "create an adequate record for review" containing "a listing
28 of all the cases and motions that led the district court to conclude that a vexatious litigant order

4

was needed." *Id*. Third, the court must make "substantive findings of harassment or frivolousness." *Id*. at 1148. Such findings require the court look at the "'number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Fourth, the "breadth of the order" must be "narrowly tailored to closely fit the specific vice encountered." *Id*. at 1148. Other courts have entered vexatious litigant orders against individuals who serially remove matters from state court over which the court lacks subject matter jurisdiction. *See United States of Am. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr. 2007-WFHE3 v. Orr*, No. 19-CV-00641-JCS, 2019 WL 2183369, at *3 (N.D. Cal. Feb. 7, 2019), *report and recommendation adopted sub nom.*, 2019 WL 2180201; *NGA Inv., LLC v. Beronilla*, No. 5:14-cv-02457 HRL, 2014 WL 3421919, at *3 (N.D. Cal. July 14, 2014), *report and recommendation adopted*, 2014 WL 3867781 (Aug. 4, 2014).

Donald Schwartz has now twice removed the same two state court actions on the same improper basis. The Court previously *sua sponte* remanded the state court cases on the exact grounds warranting *sua sponte* remand here. (23-cv-06086, Dkt. No. 17.) Donald Schwartz fails to raise any new arguments justifying his second improper removal or mention removal of the state court cases has already been sought and deemed improper. Indeed, Donald Schwartz's second purported removal is entirely contrary to the Court's prior order. The record suggests Donald Schwartz improperly removed this action with an intent to disrupt the adjudication of the state court cases, as he is wont to do. *See, e.g.*, *Castaneda v. Kramer*, No. 18-CV-06571-EMC, 2018 WL 6446708 (N.D. Cal. Dec. 10, 2018) (remanding case twice improperly removed by Law Offices of Donald C. Schwartz on the eve of the state court trial); *JPMorgan Bank, N.A. v. Renfro*, No. 15-CV-05744-BLF, 2016 WL 146116, at *1 (N.D. Cal. Jan. 13, 2016) (remanding case thrice removed by pro se defendant using the address of Donald C. Schwartz after co-defendant represented by Donald C. Schwartz already unsuccessfully removed the case twice); *In re Schwartz*, No. 5:09-CV-05831 EJD, 2012 WL 899331 (N.D. Cal. Mar. 15, 2012) (remanding case twice removed by Donald C. Schwartz to avoid hearing on a motion to deem requests for admission admitted and for sanctions); *Hopkins v. Am. Home Mortg. Servicing, Inc.*, No. C-13-00869 DMR, 2013 WL 1800049 (N.D. Cal. Apr. 29, 2013) (remanding case baselessly removed

1   by party represented by Donald C. Schwartz after state court issued tentative ruling sustaining

2   demurrer but before the tentative ruling became a final order).

3         Accordingly, the Court ORDERS Donald Schwartz to show cause as to why a vexatious

4   litigant order should not be entered against him, barring him from further removals of the state

5   court actions absent prior federal court approval.

## CONCLUSION

Like Donald Schwartz's first purported removal, Donald Schwartz's second "purported removal of two separate state court actions into this federal action is procedurally improper for a whole host of reasons." (23-cv-06086, Dkt. No. 17 at 4.)  Setting those reasons aside, there is no federal subject-matter jurisdiction over those actions.  Accordingly, the Court REMANDS to Santa Cruz Superior Court *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, and *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416. This case shall proceed only on the RICO complaint.  (24-cv-4181, Dkt. No. 1.)

Additionally, the Court ORDERS Donald Schwartz to show cause as to why a vexatious litigant order should not be entered against him, barring him from further removals of the state court actions absent prior federal court approval, by August 6, 2024.  Failure to respond to this order may result in the entry of a vexatious litigant order, as described above.

This Order disposes of Docket Nos. 9 and 13 in Case. No. 24-cv-4181.

**IT IS SO ORDERED.**

Dated: July 30, 2024

*[signature]*
JACQUELINE SCOTT CORLEY
United States District Judge