Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
7960 Soquel Drive, No. 291
Aptos, CA  95003
831-331-9909; Facsimile 815-301-6556
Email: triallaw@cruzio.com

Attorney for Plaintiff
Donald Charles Schwartz, In Pro Per
And As Attorney for all Plaintiffs
Schwartz/Osterberg

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHWARTZ FOUNDATION, DONALD CHARLES SCHWARTZ, MICHAEL L. OSTERBERG, WILLIE L. BROWN, JR., CHARLES P. SCHWARTZ, III, PAUL DAVID SCHWARTZ, DAVID RICHARD SCHWARTZ,<br><br>        Plaintiffs,<br><br>vs.<br><br>MARGOT DUFFY SCHWARTZ; NOAH SCHWARTZ; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 5:24-cv-04181<br><br>**DECLARATION OF DONALD CHARLES SCHWARTZ IN RESPONSE TO ORDER TO SHOW CAUSE** |

1

I, Donald Charles Schwartz, declare:

I am the party and attorney herein.

If called as a witness, I could and would competently testify as follows:

**Initial Objection and Renewed Request for Extension of Time**:

I objects to the denial of the Ex Parte Application seeking leave to hire counsel in this very serious matter. I have such counsel at the ready but he requires the additional 60 days extension of time to enter into this matter and to respond. Therefore the request for an additional 60 days to respond is hereby renewed. I apologize inasmuch as I should have pointed out in my Ex Parte Application that my counsel is ready to come into this matter but due to his calendar he needs the 60-day extension before committing to my representation. Therefore, I again ask for a 60-day extension of time to be able to properly prepare a thorough response to the OSC. I am not qualified to represent myself in this matter and need specialized counsel who is at the ready to come into this matter.

**Points and Authorities**:

The Order to Show Cause ("OSC") states "Donald Schwartz has now twice removed the same two state court actions **on the same improper basis**."

With all due respect and to the contrary, the removal of the cases was not on the same basis (i.e., one was based on **diversity jurisdiction** and in this case the removal is based upon **federal question jurisdiction**.) The first removal in case 23-cv-06086 pleaded diversity jurisdiction and named **only** defendant Margot Schwartz as the principle operator of an illegal hostile corporate takeover. After defendant Margot Schwartz either evaded service of process or was simply not available at the known Wisconsin or New Mexico addresses this case was then dismissed by the Court for failure to serve. Two United States Postal Service Certified/Return Receipt mailings were sent (one to each foreign address) and both came back unsigned. See both Summons issued for each of the two differing out of state addresses in the 23-cv-06086 docket, dkt. nos. 21-24.

This instant case names *both* Margot Schwartz and Noah Schwartz under federal question

jurisdiction since at the time of this filing it was reasonably concluded that defendant Margot Schwartz might now be living at a California address, possibly with her co-defendant brother. The removal was remanded sua sponte without an opportunity for plaintiffs to brief it or to be heard. The OSC mistakenly states that the two removals were on the same basis when in fact one removal was based on diversity and the other on federal question – and different parties were named.

The two Santa Cruz County Superior Court cases were being tracked on a coordinated basis by that Court. If Mr. Schwartz stated that they were consolidated, he is not aware that he did so and any reference to consolidation was inadvertent. The two cases arose from the same operative facts and involve the exact same issue: Who controls the Board of Directors of the Schwartz Foundation? (The second case brought by the state court plaintiffs Margot and Noah Schwartz plaintiffs apparently sought to gain a tactical advantage of being the plaintiffs rather than file a cross-complainants in the first case .)

In the lead case for purposes of scheduling and trial, I am a defendant. That case is captioned: **Schwartz Foundation, et. v. Donald Charles Schwartz**, et. Santa Cruz County Superior Court, case no. 21-cv-00416.  The **Donald Charles Schwartz v. Schwartz Foundation**, case no. 21-cv-00032 was stayed pending trial in the 21-cv-00416 case (e.g., Donald Charels Schwartz defendant case.) I reasonably thought that in the interest of substantial justice between the parties as well as judicial economies that the 21-cv-00416 case would be best handled in the Federal Court (where I am a defendant in the state court case) and if it pleased the court then the 21-cv-00032 case could be remanded. This issue was never briefed because the remand was sua sponte.

The issue of removing a state court case into an existing federal case seemed to me, whose 38.5/year legal career has been almost entirely at the state court level, that any technicalities in the removal that the Court or the parties in their discretion could waive or the parties could stipulate - again in the interests of judicial economies – to consolidate the cases in one place. There is no question that the cases (two Superior Court and two Federal Court) all involve the

3

same issue being the control of the Board of Directors of the Schwartz Foundation.

As to the issue of timeliness, the initial removal was within 30 days of learning of certain forgeries giving rise to the RICO cause of action. I reasonably believed that since the first removal was timely then the second removal (i.e., this case) might come under a substantial compliance or notice pleading standard (plus additional fraudulent facts were learned). Certainly, fraudulent conduct is difficult to ascertain and it takes time to do so. I reasonably believed that the law should support the procedural and substantive facts here inasmuch as the law looks for substantial justice between parties – as well as judicial economies.

The OSC raises complicated questions related to disciplining an attorney who also is a party in the case. It is a commonly thought precept that attorneys are required to perform 'zealous advocacy.' In **Hawk v. Superior Court**, 42 Cal. App. 3d 108, 126 (1974), the Court states: "The duty of a lawyer, both to his client and to the legal system, is to **represent his client zealously** within the bounds of the law . . . ." (emphasis added.) Zealous advocacy is mentioned in the ABA Model Rule of Professional Conduct 1.3: "**A lawyer must also act . . . with zeal in advocacy on the client's behalf**."

Here, as both a party and attorney for numerous other plaintiffs (including my father's friend, The Honorable Willie L. Brown, Jr.) both me and my clients' goals in the litigation are to preserve and protect the rightful control of a long-standing California non-profit corporation. Meaning that my goals as well as my clients' motivations are eleemosynary in nature, e.g., we have no profit motivation and our effort is entirely motivated to promote the public interest (as well as preserve a 150 years in the making Schwartz family legacy). There is nothing "vexatious" about our motivations in any sense of the word. Our position is based on the sound legal principle that the herein defendants Margot and Noah Schwartz have not, and cannot, point to where they were ever duly elected to the Board of Directors of the Schwartz Foundation as required under the California Corporations Code 4617 scheme for **non-profits**. On the other hand, I am a founding Director with my father and in 1979 registered with the Department of Justice, Registry of Charitable Organizations and was never duly removed. (Michael Osterberg was also duly

4

placed onto the Board in 1983, which was also filed with the Department of Justice.) No other legal or contrary Board records exist. (In the Santa Cruz County Superior Court here, several rulings were made based on the **for-profit board** Corporation Code section 409 – i.e., an entirely different statutory scheme than the non-profit Corporation Code section 4617. These rulings will soon be under appeal. See factual discussion pertaining to the Schwartz Family legacy as set forth in the RICO Complaint filed herein.

While this Court is investigating procedures here, it should be noted that nowhere is it averred that any intentional misrepresentations were made by me. Other than an apparent inadvertence as to 'coordinated' and 'consolidated,' there are none alleged. Perhaps, a misunderstanding of procedure and jurisdictional law is now evident, but the motivation is sincere and honest.

In **Ringgold-Lockhart v. County of Los Angeles** (2014) 761 F.3d 1057, the United States Court of Appeals, Ninth Circuit reversed the District Court in a similar case where an attorney brought suit who was also a Trustee of the Aubry Family Trust ("Trust") (i.e., a party).

The **Ringgold-Lockhart** Court observed:

**"Restricting access to the courts is . . . a serious matter**."

(Id., at 1061.)

In **Ringgold-Lockhart**, the Ninth Circuit went on to explain:

""[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people ... to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S.516, 524-25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (internal quotation marks omitted, alteration in original); *see also Christopher v. Harbury,* 536 U.S. 403, 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause).

Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057(9th Cir.2007) (per curiam), as the

pre-clearance requirement imposes a substantial burden on the free-access guarantee." Among all other citizens, [the vexatious litigant] is to be restricted in his right of access to the courts.... We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Moy v. United States,* 906 F.2d 467,470 (9th Cir.1990).

Out of regard for the constitutional underpinnings of the right to court access, "pre-filing orders should rarely be filed," and only if courts comply with certain procedural and substantive requirements. *De Long,* 912 F.2d at 1147. When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is]entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147-48."

In **Ringgold-Lockhart,** the Ninth Circuit further holds:

"The first and second of these requirements are procedural, while the "latter two factors ... are substantive considerations...[that] help the district court define who is, in fact, a `vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski,* 500 F.3d at 1058. In "applying the two substantive factors," we have held that a separate set of considerations employed by the Second Circuit Court of Appeals "provides a helpful framework." *Id.* The Second Circuit considers the following five substantive factors to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate": (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* (quoting *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986)). The final consideration — whether other remedies "would be adequate to protect the courts and other parties" is particularly important. *See Cromer v. Kraft Foods N. Am., Inc.,*390 F.3d 812, 818 (4th Cir.2004). In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort."

The Ninth Circuit's **Ringgold-Lockhart** factors are discussed below:

6

1.    **Litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits**.

I have no history of vexatious, harassing or duplicative lawsuits as either a party or an attorney. Admitted to the Northern District of California in February 1986, I have never been sanctioned or admonished as a party in any Northern District of California case. Other than the two cases at issue here, I (as a party) have no history of removal of state court cases. Each of my party cases are discussed below:

**Schwartz Party Cases**:

The 2009 matter of **Wasney v. Schwartz** (5:09-cv-05831) is an appeal from the United States Bankruptcy Court. I prevailed in a claim appeal (and was represented by counsel). There was no issue of removal. (There appear two docket entries for this case with the same case number.)

In the 2020 **In re Donald Schwartz** (3:20-cv-07680) in another appeal from the United States Bankruptcy Court, representing myself in pro per, the matter was resolved uneventfully and appealed to the Ninth Circuit Court of Appeals. There was no issue of removal.

These two federal cases here are the only Northern District of California cases to which I am aware that I am a party.

**Schwartz Attorney Cases**:

I have appeared as an attorney in some 52 Northern District of California cases since 1986. **This is an average of just more than 1.3 case/year for the 38.5 years of admission to the Northern District**.

Each of my attorney Northern District of California cases are discussed below:

In the 2002 case of **Mark Russo, et v. Blue Ocean Shipping, et.** (3:02-cv-05079) I settled what has been said to be the largest maritime law case in the history of the Santa Cruz Yacht Harbor. The settlement is confidential. No removal was involved.

In the 2004 case of **United States of America v. Vance** (3:04-cv-03151) I successfully settled a student loan matter for a commercial pilot who provides emergency flight services for

organ harvesting teams out of the UCSF Hospital. No removal was involved.

In the 2010 case of **Key Source International, Inc. v. Apex Maritime Shipping Company**, et. (3:03-cv-02389) I successfully settled a maritime shipping insurance case. This case involved a removal from the Alameda County Superior Court by defendant Hartford Insurance. Key Source International, Inc. was a Schwartz family-owned computer keyboard company manufacturing in Hong Kong and assembling in Oakland, CA – providing jobs in Oakland. I was not the removing counsel and the removal was not litigated.

In the 2012 case of **Key Source International v. Sitka Spruce Security, LLC** (3:12-cv-01776) I successfully arranged a mutual walk-away from a Delaware-based patent non-practicing entity (i.e., a so-called "patent troll"). No removal was involved, though a successful change of venue from Delaware was achieved.

In the 2012 case of **Donna Vairo, et. v. Ty Ebright**, (3:12-cv-033441) I successfully resolved an elder abuse investment fraud pertaining to his mother-in-law. This case involved a removal from the Santa Clara County Superior Court by a defendant (PLM Lending). I was not the removing counsel and the removal was not litigated.

In the 2013 case of **Charles Thomas Paclik v. United Parcel Service, Inc**. (3:13-cv-02550) an injury claim matter was successfully settled.  This case involved a removal from the Alameda County Superior Court by defendant United Parcel Service, Inc. I was not the removing counsel and the removal was not litigated.

In the 2013 case of **Donald Ray Hopkins v. American Home Mortgage Servicing, Inc.** (3:13-cv-04447) I represented the 33-year Congressional District Manager for the Honorable Ronald V. Dellums. Defendant Citibank removed the case from the Alameda County Superior Court. The removal was not litigated though after dismissal of federal questions it was remanded. I did not oppose the removal or the remand.

In the 2013 case of **Thomas A. Spitzer, et. v. Trisha A. Aljoe** (3:13-cv-05442) the matter was dismissed in the federal court (and appealed) then successfully settled in a related state court action. No removal was involved.

In the 2015 case of **Hong Jacqueline Nguyen Gardner v. Chevron Capital Corporation** (3:15-cv-01514). This CERCLA case was removed by the defendant Chevron Capital Corporation. The removal was not litigated in any way.

In the 2016 case of **Joseph Batchelder v. Eric Larson**, I successfully settled this officer-involved excessive use of force shooting case. The case was removed by the defendants (not by me) and the removal was not litigated in any way.

In this 2017 case of **Mark Ryan Smith v. City of Oakland** this ADA case was dismissed and refiled. No removal was litigated.

In the 2017 case of **Mark Ryan Smith v. City of Oakland.** I successfully removed an Alameda County Superior Court case into the existing federal court action. No issue was made of the removal and I was left with the understanding that this removal was appropriate. This ADA case was dismissed after an offer of settlement was rejected by plaintiff Smith.

In the 2018 case of **Isidro A Castaneda, et. v Robert Kramer** (3:18-cv-06571) I filed a petition for removal of an eviction that was reasonably believed an artifice of an illegally acquired real property through foreclosure bid rigging by a convicted federal felon. The removal was also based upon the Federal Protecting Tenants in Foreclosure Act of 2009. The federal court remanded the case for trial upon defendant's motion.

The 2021 case entitled **Mark Esquibel, United States of America v. Kinder Morgan, Inc.** (3:21-cv-02510) was removed by the defendants (not me) and the removal was not contested. This qui tam/wrongful termination/whistleblower case involving jet fuel releases into the San Francsico Delta by a convicted corporate defendant felon was confidentially successfully settled and dismissed.

The 2022 case entitled **Richard Leet v. County of Santa Cruz** (3:33-cv-08957) is an ADA case that was successfully settled. No removal was involved.

The 2023 case entitled **Denton Coetzee v. Bruce Canepa** (3:23-cv-02665) involved a business fraud matter (RICO) that was confidentially and successfully settled. No removal was involved.

9

The 2023 case entitled **Robert Bennett v. Rey-Fang Lin**, et. (3:242-cv-03115) involves a RICO federal question removal and remains pending in the federal court. There has been no issue of removal.

The 1990 case entitled **Debra Anunti v. Jorge Duran**, et. (3:90-cv-03204) involved an federal question RICO operation and was removed by the defendants. The removal was not litigated and the case was ultimately successfully settled in its entirety.

The 1992 case of **W.A.T.ER. v. E.B.M.U.D** (3:92-cv-014885) was removed by the defendant but that issue was not litigated. This water rate case was ultimately resolved and/or dismissed.

The 1994 case entitled **H/C Company v. Zurich America Ins.** (3:94-cv-01106) was originally filed in the Northern District Court and resolved after appeal to the Ninth Circuit. There was no issue of removal.

In the 2006 copyright infringement case entitled **Brian Thomas v. Michael A. Weiner** (4:06-cv-06776) was dismissed without prosecution. There was no issue of removal.

The 2012 case of **Charles Thomas Paclik v. Metropolitan Life Insurance, et** (4:12-cv-05839) involved a removal by defendant Metropolitan Life Insurance which was not litigated or opposed. This case was successfully settled and dismissed.

The 2013 case of **Donald Ray Hopkins v. American Home Mortgage Servicing, Inc.** (4:13-cv-00869) was removed by plaintiff Hopkins and eventually remanded.

The 2017 case of **Marr Sanchez & Associates v. Claudia Mazariegos** (4:17-cv-01470) was removed by the defendant Claudia Mazariegos (not me) on racial discrimination grounds under the federal statutes and eventually remanded. (This was also one of the federal convicted felon's acquisition of real property through bid rigging with eviction.)

The 2024 case of **Edward R. Stolz II v. Ryan J. Works** (4:24-cv-01251) remains pending and is originally filed based on diversity jurisdiction. The case is under stay parameters of a Nevada federal bankruptcy action still pending. There is no issue of removal.

The 2002 case of **Ramesh Bhojwani, et v. Holiday Hospitality Franchising, Inc, et.**

10

**(5:00-cv-21248)** involving unfair business practices was originally filed as a diversity case (not by me) and successfully settled by me. There was no issue of removal.

The 2003 ERISA case of **Terry Dew Horwath v. Reliance Life Insurance Company** (5:03-cv-05408) was removed by the defendant and successfully settled by me.

The 2005 case of **Joseph N. Ellis v. Cynthia Dawn Crennell** was a diversity case that did not involve any issues of removal.

The 2005 case of **Brian Goldberg v. James Cameron** was a copyright infringement case that did not involve any issues of removal.

The 2007 case entitled **Terry Dew Horwath v. Reliance Life Insurance Company** (5:07-cv-02623) was a ERISA case removed by the defendant with no motion practice on that issue and successfully settled by me.

The 2014 railroad injury case of **Cynthia Jacobsen, et. v. National Railroad Passenger Association (AMTRAK)** (5:14-cv-03669) was removed by the defendant (not me) from the Monterey County Superior Court and that issue was not litigated. The case was successfully settled.

The 2015 post-foreclosure eviction/ADA case of **JPMorgan Chase Bank National Association v. David Renfro** (5:15-cv-01730) was removed and remanded.

The 2015 case entitled **Neil B. Goldberg v. James Cameron** (5:15-cv-02556) was removed by the defendants (not me) and that issue was not litigated.

The 2015 post-foreclosure housing discrimination case of **JPMorgan Chase Bank National Association v. David Renfro** (5:15-cv-02705) was removed and remanded without fanfare.

The 2015 product liability case of **Elizabeth Ann Marani Schwartz v. MXI Corp.** was removed by the defendant (not me) and successfully settled. The removal was not litigated.

The 2015 post-foreclosure housing discrimination case of **JPMorgan Chase Bank National Association v. David Renfro** (5:15-cv-02705) was removed and remanded without fanfare.

11

The 2015 post-foreclosure housing discrimination case of **JPMorgan Chase Bank National Association v. David Renfro** (5:15-cv-05744) was removed by a co-plaintiff (not me or my client) and remanded without fanfare.

The 2018 case entitled **Lila Veik, et. v. Richard Gross (5:18-cv-01711)** involved allegations of securities fraud and a removed case from the superior court was remanded routinely. The case was successfully settled by me.

The 2018 case of **Michael Maxwell v. Roy Kaylor** (5:18-cv-06121) was challenged by the defendant (not me) on diversity grounds (amount in controversy). The order of dismissal was reversed by the Ninth Circuit and after withdrawal my client continued to pursue the matter to settlement.

In the 1999 case of **John W. Richardson v. R. David Bowman** (5:99-cv-20136) I defended against a receivership action and a simple order of remand was issued.

In the 1998 case of **James Buzbee v. Jeffrey Keith Hills, Nationwide Insurance Company** (5:98-cv-20361). Defendant Nationwide (not me) removed the case and it was remanded sua sponte by the Court.

In the 1996 case of **Ves Nolan v. Jeff Newhouse** (5:96-cv-20620) was originally filed in the federal court and successfully settled. No issue of remand.

In the 1992 case of **Salvador Cabarloc v. Santa Clara County Department of Corrections** (5:92-cv-20286) I was substituted-out as counsel for the plaintiff and the matter settled.

The 2024 civil rights case of **Ramiro Cano Moreno v. County of Santa Cruz** (5:24-cv-03798) is a pending removal case waiting service of process.

The 2023 case of **Genoveva G. Moreno v. Chubb Life Insurance Company of America** (5:23-cv-05959) was removed by the defendants (not me) and settled. The removal was not litigated.

The 2023 case of **Samuel Isaiah Schwartz v. Recreational Equipment, Inc.** (5:23-cv-00384) was removed by the defendant (not me) and the case voluntarily dismissed.

The 2018 civil rights case of **Chase Mason v. Sargeant Scott Garner, et.** (5:18-cv-07093) was removed by the defendants (not me). After a reasonable offer of settlement was rejected by the plaintiff, I withdrew from the case. The removal was not litigated.

In the 2019 ADA case of **Jason Allen Neel v. Santa Cruz Roundtree Homeowners Association** (5:19-cv-00089) involved a removal by me on behalf of his mentally impaired client at which point the case settled. The removal was not litigated.

The case entitled **P2 Oakland CA LLC v. Civic Financial Services, LLC** (5:21-cv-04089) was removed by a defendant Entra (not me). I then withdrew from the case while the matter was successfully settling.

In the case entitled **Christine Gralow v. Milton R. Kreb** (5:22-cv-07141) I defended the property owners (owners of the Houston Astros) from an ADA claim on local rental property. There was no issue of removal and the matter settled.

2. **The litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing**?

As shown above, of some 52 Northern District cases pursued (not all are plaintiffs' cases) a large number, if not most of them, settled. I represented mainly plaintiffs but also some defense cases. There are no frivolous plaintiffs' cases or litigation in these cases.

The closest thing to it are the two cases at hand, and in these instances I reasonably believed the diversity removal and a federal question removal with an added defendant was appropriate. This belief was based in part on cases I had handled where a removal into an existing case had taken place without any objection.

Also, in the cases handled by me there was almost no removal litigation practice, so as a general practitioner I actually had a limited exposure to the procedural dictates of federal removal.

3. **Whether the litigant is represented by counsel.**

This poses a complex issue as well. Normally vexatious litigant procedures are engaged to keep "pro se" litigants under control. Here, it is unclear of the OSC is directed to me as a party

13

or as an attorney. As shown above, I have never before been involved with any removal procedures as a party. All of his party litigations are unremarkable and all are successful in their outcome. If the OSC seeks to discipline me as an attorney then this is not the proper forum for doing so. See, Northern District Local Rules pertaining to Standing Committee.

**4.     Whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel.**

One can hardly say that successful plaintiffs' litigation posed any needless expense on other parties or an unnecessary burden. In fact, none of the plaintiffs' cases actually went to trial. All were basically settled during the alternative dispute resolution procedures established by the Northern District Court. **One might as easily say that I am affable, congenial as well as professional and realistic such that cases do, in fact, settle.**

5.     **Whether other sanctions would be adequate to protect the courts and other parties**.

The OSC is directed to a potential prefiling order regarding removals. Since there are no party removals at all other than the two removals at bar and since there is no established pattern of abusing removals as at attorney, then any prefiling order would violate the panoply of rights and protections, inter alia, set forth by the Ninth Circuit in the **Ringgold-Lockhart** case cited. Moreover, any such prefiling order against me as an attorney would violate my procedural disciplinary protections proscribed by the Northern District Local Rules. Moreover, any such attorney disciplinary holding the limits my ability to practice law and is, therefore illegal unless referred to the Northern District Standing Committee.

**Conclusion:**

This Honorable Court certainly got my attention to better learn the rule of removal, though I have never been involved as a party with any other removals than the two at issue here. As an attorney I has never been sanctioned on any removals. A prefiling order here as an attorney is a thinly veiled disciplinary order which matters properly lay with the Northern District Standing Committee.

Therefore, for each of the reasons set for the above, I submit that the Order to Show Cause

14

1  issued July 30, 2024 simply be dropped.
2      I certify under the penalty of perjury under the laws of the State of California that the
3  foregoing is true and correct,
4                                  Respectfully submitted,
5
6  Date: August 6, 2024              */s/ Donald Charles Schwartz*
7                                    _____
8                                    Donald Charles Schwartz