UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHWARTZ FOUNDATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARGOT D SCHWARTZ, et al., <br><br> Defendants. | Case No.  24-cv-04181-JSC <br><br> **VEXATIOUS LITIGANT ORDER RE: DONALD CHARLES SCHWARTZ** |

After Attorney Donald Charles Schwartz, on behalf of himself and the other Plaintiffs, twice improperly removed the same two state court actions into two separately filed RICO actions, the Court ordered Donald Schwartz to show cause as to why a vexatious litigant order barring him from further removals of the two state court actions absent prior federal court approval should not be entered against him.  (Dkt. No. 22.)[1]  Before the Court is Donald Schwartz's response to the order to show cause.  (Dkt. No. 26.)  Having carefully considered Donald Schwartz's response, the Court DECLARES Donald Schwartz a vexatious litigant and ORDERS he obtain leave of Court before again removing the two state court cases.

## BACKGROUND

Donald Schwartz filed his first RICO action against his sister Margot Schwartz on November 22, 2023, accusing her of "carrying forward her mother's scheme to engage an illegal hostile corporate takeover and seize for herself the assets of the Schwartz Foundation."  (23-cv-06086, Dkt. No. 1 ¶ 1.)  He simultaneously purported to remove into that RICO action two state court cases originally filed in Santa Cruz County Superior Court: *Donald Charles Schwartz v.*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   *Schwartz Foundation*, Case No. 21-cv-00032 (filed January 7, 2021), and *Schwartz Foundation v.
2   Donald Charles Schwartz*, Case No. 21-cv-00416 (filed February 22, 2021). (*Id.* at Dkt. No. 2.)
3   His first removal was based on federal question and diversity jurisdiction. (*Id*. at Dkt. No. 2 at 3
4   ("REMOVAL IS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION").)
5   The Court identified five defects in Donald Schwartz's first purported removal: 1) Donald
6   Schwartz may not remove state court actions in which he is the plaintiff, 2) Donald Schwartz may
7   not remove state court actions into existing federal cases, 3) Donald Schwartz may not unilaterally
8   consolidate two state court cases, 4) Donald Schwartz's removal of the two state court cases was
9   untimely, and 5) no federal jurisdiction existed over the two state court actions Donald Schwartz
10  sought to remove. (*Id*. at Dkt. No. 17.) Because the removal was improper, the Court remanded
11  both state court actions. (*Id*.) On May 15, 2024, the Court dismissed Donald Schwartz's first
12  RICO action for failure to serve. (*Id.* at Dkt. No. 31.)

13        Donald Schwartz filed his second RICO action against his siblings Margot and Noah
14  Schwartz on July 11, 2024, accusing them of "carrying forward their mother's scheme to engage
15  an illegal hostile corporate takeover and seize for themselves the assets of the Schwartz
16  Foundation." (Dkt. No. 1 ¶ 1.) Donald Schwartz again purported to remove into his second RICO
17  action the same two state court cases he sought to remove into his first RICO action. (Dkt. No. 4.)
18  His second removal was based on federal question jurisdiction. (Dkt. No. 4 at 3.) The same five
19  defects warranting sua sponte remand of Donald Schwartz's first removal existed in his second
20  removal. (Dkt. No. 22.) Because Donald Schwartz's second attempted removal was improper for
21  the same reasons as the first, the Court remanded both state court actions and ordered Donald
22  Schwartz to show cause as to why a vexatious litigant order should not be entered against him.
23  (*Id*.)

24  **DISCUSSION**

25        Federal courts have the inherent power to file "restrictive pre-filing orders" enjoining
26  vexatious litigants "with abusive and lengthy histories of litigation" from filing further actions or
27  papers. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also Molski v.
28  Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. §

2

1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."). "Such pre-filing orders should rarely be filed," especially against litigants unrepresented by counsel. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). But "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.'" *Bridgewater v. Hayes Valley Ltd. P'ship*, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal. Feb. 11, 2012) (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). And "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

In *De Long*, the Ninth Circuit articulated a four-prong framework for district courts to apply before entering vexatious litigant orders. *Id*. at 1146-49. First, the affected party must be provided with "adequate notice" and "an opportunity to oppose the entry of the order." *Id*. at 1147. Second, the district court must "create an adequate record for review" containing "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id*. Third, the court must make "substantive findings of harassment or frivolousness." *Id*. at 1148. Such findings require the court look at the "'number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Fourth, the "breadth of the order" must be "narrowly tailored to closely fit the specific vice encountered." *Id*. at 1148. Other courts have entered vexatious litigant orders against individuals who serially remove matters from state court over which the court lacks subject matter jurisdiction. *See United States of Am. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr. 2007-WFHE3 v. Orr*, No. 19-CV-00641-JCS, 2019 WL 2183369, at *3 (N.D. Cal. Feb. 7, 2019), *report and recommendation adopted sub nom.*, 2019 WL 2180201; *NGA Inv., LLC v. Beronilla*, No. 5:14-cv-02457 HRL, 2014 WL 3421919, at *3 (N.D. Cal. July 14, 2014), *report and recommendation adopted*, 2014 WL 3867781 (Aug. 4, 2014).

**I.     Notice and Opportunity to Be Heard**

The Court ordered Donald Schwartz "to show cause as to why a vexatious litigant order

should not be entered against him, barring him from further removals of the state court actions absent prior federal court approval, by August 6, 2024." (Dkt. No. 22 at 6.) The Court notified Donald Schwartz "[f]ailure to respond to this order may result in the entry of a vexatious litigant order." (*Id*.) Donald Schwartz responded to the order to show cause opposing the entry of a vexatious litigant order against him. (Dkt. No. 26.) So, Donald Schwartz has had adequate notice and an opportunity to oppose entry of the vexatious litigant order.

## II. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007).

Donald Schwartz has now twice removed the same two state court actions on the same improper basis. In his response to the order to show cause, Donald Schwartz argues his first removal was based on diversity jurisdiction and his second was based on federal question jurisdiction and added Defendant Noah Schwartz, so "the removal of the cases was not on the same basis[.]" (Dkt. No. 26 at 2-3.) This argument misses the point. Donald Schwartz's two improper removals were defective in ***exactly the same way***. Despite the Court's first order explaining the many defects in Donald Schwartz's first removal, Donald Schwartz's second removal contained the same five errors. Donald Schwartz fails to justify his disregard of the Court's first remand order as to each of the five errors.

### 1. Only Defendants Can Remove Actions

The first remand order explained "only defendants can remove actions. So, Donald Charles Schwartz, the plaintiff in *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, may not remove that action to federal court. (23-cv-06086, Dkt. No. 17 at 2 (citations omitted).) Nonetheless, he again removed the same state court case in which he is a plaintiff. (Dkt. No. 4.) Donald Schwartz offers no explanation for his disregard of the Court's order, other than to say he

> reasonably thought that in the interest of substantial justice between the parties as well as judicial economies that the 21-cv-00416 case would be best handled in the Federal Court (where Mr. Schwartz is a

4

defendant in the state court case) and if it pleased the court then the 21-cv-00032 case could be remanded.

(Dkt. No. 26 at 3.) But he fails to reference any authority suggesting it would be reasonable for a state court plaintiff to remove a state court case after being admonished "[t]he right to remove a state court case to federal court is clearly limited to defendants." (23-cv-06086, Dkt. No. 17 at 2 (quoting *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988)).

**2. Plaintiffs Cannot Remove State Court Cases into Existing Federal Cases**

The first remand order explained Donald Schwartz "cannot remove cases from state court into an existing federal court case" and the process by which he could remove a state court case and seek relation of that removed case to an existing federal action. (23-cv-06086, Dkt. No. 17 at 2.) Yet Donald Schwartz again removed the same state court cases into an existing federal RICO action. (Dkt. No. 4.) In his response to the order to show cause, he argues

> [t]he issue of removing a state court case into an existing federal case seemed to Mr. Schwartz, whose 38.5/year legal career has been almost entirely at the state court level and any technicalities in the removal that the Court or the parties in their discretion could waive or the parties could stipulate – again in the interest of judicial economies – to consolidate the cases in one place.

(Dkt. No. 26 at 3-4.) He offers no authority to support his view removal requirements are waivable and fails to provide any reasoning as to why those requirements would be waived for his second removal but not his first.

**3. Plaintiffs Cannot Unilaterally Consolidate Two State Court Cases**

Donald Schwartz's first and second removal notices both sought to remove the same "two consolidated state court cases[.]" (23-cv-06086, Dkt. No. 2 at 2; 24-cv-4181, Dkt. No. 4 at 2.) However, the two state court cases were never officially consolidated by the Santa Cruz County Superior Court. (23-cv-06086, Dkt. No. 12 at 2.) The Court's first remand order explained Donald Schwartz "cannot unilaterally consolidate two state court cases." (23-cv-06086, Dkt. No. 17 at 2.) Still, Donald Schwartz claimed the state court cases were consolidated in his second removal. (Dkt. No. 4 at 2.)

Donald Schwartz now argues "if [he] stated that [the state court cases] were consolidated,

5

he is not aware that he did so and any reference to consolidation was inadvertent." (Dkt. No. 26 at 3.) Because the Court's first remand order quotes the portion of Donald Schwartz's first removal alleging the state court cases were consolidated, (23-cv-06086, Dkt. No. 17 at 2), his claimed lack of awareness and inadvertent inclusion of the same language in his second removal is not credible.

### 4. Plaintiffs Asserted Removals Were Untimely

Both of Donald Schwartz's removals were facially untimely, as defendants appeared in the underlying state court cases in 2021. (23-cv-06086, Dkt. No. 17 at 2-3; 24-cv-4181, Dkt. No. 22 at 3.) Donald Schwartz claims

> the initial removal was within 30 days of learning of certain forgeries giving rise to the RICO cause of action. Mr. Schwartz believed that since the first removal was potentially timely then the second removal (i.e., this case) might come under a substantial compliance or notice pleading standard (plus additional fraudulent facts were learned).

(Dkt. No. 26 at 4.) Sure. But he fails to explain why facts allegedly giving rise to the RICO cause of action make either of his removals potentially timely. So, Donald Schwartz fails to show his late removals of two state court cases alleging only state claims were potentially timely.

### 5. There Exists No Federal Subject-Matter Jurisdiction

Finally, federal subject-matter jurisdiction does not exist over either of the state court cases Donald Schwartz has twice sought to remove. As to diversity jurisdiction, a state court case may not be removed based on diversity jurisdiction "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Donald Schwartz has never alleged Margot or Noah Schwartz acted in bad faith to prevent him from removing the state court actions before the removal deadline lapsed. So, there exists no federal subject-matter jurisdiction based on diversity.

As to federal question jurisdiction, the initial pleadings in both state court cases allege only state claims and thus fail to establish federal question jurisdiction. (23-cv-06086, Dkt. No. 17 at 3; 24-cv-4181, Dkt. No. 22 at 3-4.) And as the remand orders explained, the recently discovered criminal activity of Defendants fails to establish federal question jurisdiction or support removal. (*Id*.) So, the Court has no federal subject-matter jurisdiction over the state court actions. Donald

Schwartz does not attempt to explain why he ignored the first remand order's conclusion.

\* \* \*

Donald Schwartz's second purported removal is entirely contrary to the Court's first remand order, and Donald Schwartz fails to provide sufficient justification for his disregard of the Court's rulings. The record suggests Donald Schwartz improperly removed this action with an intent to disrupt and prolong the adjudication of the state court cases.

In January 2021, Donald Schwartz filed *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, seeking a declaratory judgment he and two others are members of the Schwartz Foundation's Board of Directors. (23-cv-06086, Dkt. No. 12-1 at 131, 137.) In March 2021, the state court ordered Margot and Noah Schwartz "shall have and retain authority over the Foundation's affairs and shall retain their positions as President and Secretary/Treasurer, respectively" and "shall have the authority to determine the Foundation's legal and beneficial interests[.]" (Dkt. No. 10-1 at 4.) In the same order, the state court stayed the case pending resolution of *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416. (*Id.*)

In April 2023, "on the eve of trial" in *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416, Donald Schwartz declared bankruptcy, so the state court vacated the trial date and stayed the case. (23-cv-06086, Dkt. No. 14 at 51; 24-cv-4181, Dkt. No. 10 ¶ 7.b.) His bankruptcy was dismissed in September 2023 because he "is ineligible to be a chapter 13 debtor[.]" *In re Donald Charles Schwartz*, 23-50372, Dkt. No. 53 at 2 (Bankr. N.D. Cal. 2023). So, the stay on the state case was lifted in October 2023. (23-cv-06086, Dkt. No. 14 at 51.) In November 2023, Donald Schwartz filed his first improper removal, resulting in the postponement of a November 28, 2023, hearing on three of the Foundation's discovery motions. (Dkt. No. 10 ¶ 7.c.) The Court remanded the state cases in December 2023. (23-cv-06086, Dkt. No. 17.)

Donald Schwartz again declared Chapter 13 bankruptcy in April 2024 after failing to comply with discovery deadlines. (Dkt. No. 10 ¶ 7.d.) He voluntarily dismissed his bankruptcy action in May 2024. *In re Donald Charles Schwartz*, 24-40512 (Bankr. N.D. Cal. 2024). Then, in July 2024, two days before the hearing on the Foundation's motion for terminating sanctions and motion for deemed admissions, Donald Schwartz filed his second improper removal. (Dkt. No. 10

7

¶ 7.e.)

The inference Donald Schwartz's improper removals were meant to disrupt and prolong adjudication of the state court actions is supported by his record of prior abusive removals. *See, e.g.*, *Castaneda v. Kramer*, No. 18-CV-06571-EMC, 2018 WL 6446708 (N.D. Cal. Dec. 10, 2018) (remanding case twice improperly removed by Law Offices of Donald C. Schwartz on the eve of the state court trial); *JPMorgan Bank, N.A. v. Renfro*, No. 15-CV-05744-BLF, 2016 WL 146116, at *1 (N.D. Cal. Jan. 13, 2016) (remanding case thrice removed by pro se defendant using the address of Donald C. Schwartz after co-defendant represented by Donald C. Schwartz already unsuccessfully removed the case twice); *In re Schwartz*, No. 5:09-CV-05831 EJD, 2012 WL 899331 (N.D. Cal. Mar. 15, 2012) (remanding case twice removed by Donald C. Schwartz to avoid hearing on a motion to deem requests for admission admitted and for sanctions); *Hopkins v. Am. Home Mortg. Servicing, Inc.*, No. C-13-00869 DMR, 2013 WL 1800049 (N.D. Cal. Apr. 29, 2013) (remanding case baselessly removed by party represented by Donald C. Schwartz after state court issued tentative ruling sustaining demurrer but before the tentative ruling became a final order).

Since the Court's first remand order, Donald Schwartz has unsuccessfully attempted to remove a state case into an existing federal action. *See Bennett v. Lin et al*, No. 24-cv-03115, at Dkt. No. 10 (striking Donald Schwartz's procedurally improper notice of removal and directing "if [the plaintiff] wishes to remove the unlawful detainer case to federal court, he must file a Notice of Removal to initiate that matter as a separate federal case."). The *Bennett* court struck Donald Schwartz's improper removal for one of the same reasons underlying this Court's remand orders: Donald Schwartz may not remove a state case into an existing federal action. Donald Schwartz claims to have successfully removed an Alameda County Superior Court case into an existing federal action in *Smith v. City of Oakland*, No. 17-cv-06260, which "left [him] with the understanding that this removal was appropriate." (Dkt. No. 26 at 9.) But in that case, Donald Schwartz, on behalf of his client, voluntarily dismissed the action without prejudice after being sanctioned and referred to the Standing Committee on Professional Conduct for failing to comply with multiple court orders and deadlines. *Smith*, No. 17-cv-06260, at Dkt. Nos. 27, 33-34, 38. So,

8

1  Donald Schwartz's experience in *Smith* does not justify his disregard of the Court's explicit
2  remand order or indicate he removed this case for any other reason than to delay adjudication of
3  the state court actions.
4      Given the record in this action and 23-cv-06086, Donald Schwartz's blatant disregard of
5  the Court's remand order, and record of prior improper removals, the record of Donald Schwartz's
6  abuse of the removal procedure is adequate for review.  *Molski*, 500 F.3d at 1057; *see also Orr*,
7  2019 WL 2183369, at *3 (finding "an adequate record of abuse of the removal procedure" when
8  the court's "previous report set forth the reasons that th[e] case is not subject to removal, and
9  Defendants nevertheless filed a second notice of removal substantially identical to the first[.]");
10 *NGA Inv., LLC*, 2014 WL 3421919, at *3 (finding an adequate record for review when
11 "Defendants' litigation history establishes a troubling record of repeated removals of the same
12 unlawful detainer action, in apparent disregard of the orders issued by no less than three judges of
13 this district[.]").

### III. Substantive Findings as to Frivolous or Harassing Nature of Plaintiff's Litigation

    "To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."  *Molski*, 500 F.3d at 1059 (cleaned up).

    Donald Schwartz's improper removals in this case are frivolous and harassing.  The first removal of the two state court cases was "procedurally improper for a whole host of reasons.  But, even putting those reasons aside, there is no federal subject-matter jurisdiction over those actions." (23-cv-06086, Dkt. No. 17 at 4.)  Despite the Court's remand order setting forth the reasons why the state cases were not subject to removal, Donald Schwartz nevertheless filed a second notice of removal substantially identical to the first.

> A party is not entitled, under existing laws, to file a second notice of removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to comply with the procedural requirements for removal.

*Fed. Home Loan Mortg. Corp. v. Pulido*, No. C 12-04525 LB, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012) (quoting *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883).).  "The

1  process of removing a case to federal court and then having it remanded back to state court delays

2  resolution of the case, imposes additional costs on both parties, and wastes judicial resources."

3  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).

4    Donald Schwartz has imposed needless expense on Defendants and an unnecessary burden

5  on the courts by ignoring the rulings of the Court's first remand order.  Because Donald

6  Schwartz's response to the Court's order to show cause entirely fails to address his disregard of

7  the Court's first remand order, there is no indication he will not continue to improperly remove

8  these state court cases.  Donald Schwartz's disregard of the Court's first remand order, his failure

9  to justify his second improper removal, and the timing of the removals suggest Donald Schwartz

10 seeks to avoid trial and judgment in state court.  Donald Schwartz's aforementioned record of

11 prior improper removals supports the Court's finding of the substantively frivolous and harassing

12 nature of Donald Schwartz's removals for the "improper purpose of prolonging litigation" of the

13 state cases.  *Martin*, 546 U.S. at 140.

### IV. Narrowly Tailored Order

"Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1057 (cleaned up).  An order requiring Donald Schwartz obtain leave from the Court before attempting to remove either of the state court actions is narrowly tailored to specifically address his improper removals of the state court actions.  *See, e.g.*, *Orr*, 2019 WL 2183369, at *3 (ordering vexatious litigants "must first file a motion with the Court seeking leave to file a notice of removal."); *NGA Inv., LLC*, 2014 WL 3867781, at *2 (ordering vexatious litigants "must first file a motion with the court seeking leave to file a notice of removal.").

### CONCLUSION

For the reasons stated above, Donald Schwartz is a vexatious litigant.  Accordingly, before filing any further notices of removal of the two state court cases originally filed in Santa Cruz County Superior Court (*Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032 (filed January 7, 2021), and *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416 (filed February 22, 2021)), Donald Schwartz must first file a motion with the Court seeking

leave to file a notice of removal. Any such motion must include: (1) a copy of the Court's prior remand orders, (23-cv-06086, Dkt. No. 17; 24-cv-4181, Dkt. No. 22), (2) a copy of this order, and (3) a copy of the proposed filing. The Clerk of the Court shall refuse any further notices of removal of *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, and *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416, unless accompanied by an order from a judge in this district granting Donald Schwartz leave to file the removal papers.

**IT IS SO ORDERED.**

Dated: August 16, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge